UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

|  |  |
|---|---|
| LI XIA SUN, | Case No. 06-12792-TD |
|  | Adv No. 06-01937 |
| Debtor. | MEMORANDUM OF DECISION RE ORDER TO SHOW CAUSE |
| COLONY RESORTS LVH ACQUISITIONS LLC dba LAS VEGAS HILTON, | Date: September 12, 2007<br>Time: 10:30 a.m.<br>Place: Courtroom 1345 |
| Plaintiff, |  |
| vs. |  |
| LI XIA SUN, |  |
| Defendant. |  |

## INTRODUCTION

I entered an Order To Show Cause herein on August 20, 2007 and have received written responses and heard oral arguments from both sides at the hearing on September 12, 2007. The

1

following are my findings of fact and conclusions of law with respect to my Order To Show Cause.

## SUMMARY

In summary, I find and conclude that monetary sanctions against Shun C. Chen (Chen), counsel for Li Xia Sun (Sun), are warranted under the provisions of Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(a)(2)(A) and (a)(4)(B), as well as Local Bankruptcy Rule 9013-1(c)(2) and (c)(3) and Local Bankruptcy Rule 1002-2(a), for the reason that the motions filed by Chen were unjustified and unreasonable in that they were filed in violation of the rules cited. I find and conclude that the motions were an attempt by Chen to shift to the plaintiff herein the cost of discovery of evidence that was and is more readily available from Chen's client's memory and personal knowledge and that the motions were an improper attempt to place an unreasonable burden on the plaintiff and were filed and served in violation of the foregoing rules.

## DISCUSSION

The underlying dispute in this adversary is between defendant Li Xia Sun (Sun), bankruptcy debtor, and plaintiff, known as the Las Vegas Hilton (Hilton), which runs a casino. Hilton alleged that Sun had accumulated at least $175,000 in gambling debt to Hilton, via a line of credit at Hilton's casino that she drew on by signing markers. Hilton asserts that this debt should be nondischargeable under 11 U.S.C. § 523(a), alleging that Sun had represented in various writings that she had the ability and intent to re-pay the funds borrowed while in fact her intent was fraudulent and the debt should be nondischargeable.

As the lawsuit between Hilton and Sun progressed, a discovery dispute arose after Chen propounded interrogatories to Hilton and Hilton responded and objected to the Sun

interrogatories. Subsequently, pursuant to Local Bankruptcy Rule 7027-1 and Federal Rule of Civil Procedure 33(a),[1] Chen filed two separate but simultaneous motions, the first, to compel further responses, and the second, for leave to propound further interrogatories. Both motions were heard on August 1, 2007 and denied. My Order To Show Cause followed. In arriving at this decision, I have taken into account the parties' discovery motion pleadings and their responses to my Order To Show Cause.

Chen's proposed interrogatories were numbered 1 through 15. Each of these interrogatories was further divided into lettered subsections. In all, Chen included over 80 subsections in the proposed interrogatories. Often, a single subsection listed multiple questions. For example, Interrogatory No. 3(G) requested, "[1] The names, addresses and telephone numbers of any and all persons who spoke to Lisa concerning credit prior to each decision, [2] whether such person has the authority to grant or deny credit, and [3] include the names, addresses and telephone numbers of all hosts (male and female) who participated in the communication or translation with Lisa concerning credit." (Notice of Motion and Motion for Leave of Court to Propound Plaintiff with Attached Interrogatories (hereafter Motion to Propound), Exhibit 1, 7:1-4.)

Some of the interrogatories requested information that Sun was more likely to have access to than was Hilton. For example, Interrogatories No. 13(A) and (B) requested "[t]he date and time Lisa obtained services from you" and "[a] full description of the services Lisa obtain [sic] from you." (Motion to Propound, Exhibit 1, 10:16-17.)

---

[1] Hereafter, "Local Rules" and "Federal Rules," respectively, or "Federal and Local discovery rules."

Hilton, through its counsel, Michael B. Reynolds (Reynolds), had previously responded to Set One of Chen's interrogatories on February 1, 2007. Hilton answered some of the earlier interrogatories but refused to answer others. Reynolds expressed to Chen objections that the interrogatories exceeded the number permitted and that they were in general "overbroad, argumentative, unduly burdensome, oppressive, [and] calculated to harass Plaintiff . . . ." (Written Stipulation in Support of Motion to Compel Further Response to Interrogatories, Exhibit A, 2:25--3:1.)

On April 19, Chen wrote to Reynolds's firm that the interrogatories did not violate the numerosity requirement because the subparts were integral to the primary questions. He demanded that Hilton respond fully to the interrogatories or he would "file a motion to compel further response." (Plaintiff Las Vegas Hilton's Response to Defendant's Motion to Compel Further Responses to Interrogatories and Motion for Leave to Propound Additional Interrogatories (hereafter Hilton Response), 12.) On April 23, Reynolds responded that he disagreed that the subparts were integral to the primary questions. Hilton did not send any further response to the interrogatories.

Reynolds asserts that during a phone conversation on May 21, Reynolds offered to waive the numerosity objection in exchange for an agreement that Sun would not seek to depose any witnesses and that Chen refused this solution. (Hilton Response, 10:22--11:5.) However, in his Motion to Compel, Chen argued inconsistently that his client could not afford to have Chen depose witnesses and that this was the reason interrogatories were necessary.

At some point, the lawyers discussed filing a stipulation pursuant to Local Rule 9013-1(c)(2). After an email exchange between the two parties that took place between May 21-31, Reynolds sent a letter to Chen on May 21, by email and regular mail, including language that

Reynolds wanted Chen to include in the stipulation. This language was included in the text of a longer letter, but was clearly indented and headed: "Issue 1: <u>Hilton's Position</u>", "Issue 2: <u>Hilton's Position</u>." Chen did not include this language in the next draft of the stipulation. In response, Reynolds declined to sign Chen's proposed stipulation. Chen replied that he could not tell which part of the May 21 letter was intended to be Hilton's portion of the stipulation. No later emails or letters were offered in evidence.

On June 21, Chen filed a document misleadingly entitled "Written Stipulation in Support of Motion to Compel Further Response to Interrogatories." However, this pleading was signed only by Chen; Hilton's counsel did not sign Chen's proposal.

On June 21, Chen also filed two motions, one seeking to propound interrogatories to Hilton, and the second seeking an order to compel Hilton to further respond to Sun's original interrogatories. After a hearing on August 1, 2007, I denied both motions. I also issued an Order To Show Cause why Chen should not be sanctioned pursuant to the Federal and Local discovery rules.

After considering the parties' written and oral responses to my Order To Show Cause, it is my conclusion that monetary sanctions against Chen are warranted under Federal Rules of Bankruptcy Procedure 7037, which incorporates Federal Rule 37, as well as Local Rule 9013-1(c)(2) and Local Rule 1002-2(a).

Federal Rule 37(a)(4)(B) provides for sanctions when a motion to compel discovery is denied. It states: "If the motion is denied, the court may enter any protective order authorized under Federal Rule 26(c) and **shall**, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including

5

attorney's fees, **unless** the court finds that the making of the motion was **substantially justified** or that other circumstances make an award of expenses unjust." (Emphasis added.)

The Local Rules also provide for sanctions. Local Rule 1002-2(a) states: "The violation of, or failure to conform to, the Local . . . Rules or F.R.B.P. . . . shall subject the offending party or counsel to such penalties, including monetary sanctions or the imposition of costs and attorneys' fees payable to opposing counsel, as the court may deem appropriate."

The questions, then, are whether Chen complied with Federal and Local discovery rules, and if not, whether his motion to compel was substantially justified, or whether other circumstances make an award of expenses unjust. I conclude that the answer to each of these questions is "No."

Federal Rule 37(a)(2)(A) requires the movant to confer in good faith to secure discovery without court action before moving to compel. Under Local Rule 9013-1(c)(2), conferring in good faith would have required Chen to "file and serve a notice of motion together with a written stipulation."

Chen has not complied with these rules. The document entitled "Stipulation" was not in fact a stipulation, since (among other reasons) it did not state the positions of both parties as they wished them to be stated and was not signed by both parties. Chen, the proponent, easily could have complied with the Local Rule requiring a stipulation as an ingredient to any discovery motion. Reynolds' May 21 email and letter furnished Chen with the exact language that Reynolds wished to include in any proposed stipulation to be filed with Chen's motion. Chen had only to copy Reynolds' (clearly expressed and delineated) proposed insertion into Chen's proposed stipulation with a few simple computer strokes and send it to Reynolds to sign. Even if Chen's misunderstanding was genuine as to the exact portion of the text of Reynolds' May 21

6

email and letter that Reynolds wanted included (a proposition that I believe is doubtful under the circumstances), the reasonable and proper course of action would have been for Chen to attempt to clear up any misunderstanding before filing. At the same time, I find no suggestion in the evidence that Reynolds was acting unreasonably, that he would have made a clarifying discussion difficult, or that Chen plausibly could have thought that his options were exhausted by Reynolds' latest email. I conclude that Chen was wholly unjustified in filing his unilateral "stipulation," written and signed only by himself. I find his actions, far from being substantially justified, to be evidence of a bad faith attempt to make it appear that Reynolds (or Hilton) was not cooperating with the discovery processes and rules. I also conclude from the entirety of the evidence that no circumstances here make unjust an award of sanctions against Chen.

This conclusion in favor of awarding sanctions is strengthened by several additional factual circumstances revealed in the moving papers. First, Chen refused to get the information he needed by means of depositions, claiming that depositions were too expensive for his client, yet Chen at the same time refused to pursue the information he needed by means of interrogatories, which would have required him to comply with Reynolds' reasonable request, under the circumstances, that Chen waive the right to the very depositions he had vowed not to seek. Second, the interrogatories Chen propounded to Hilton included questions that Chen could much more easily and less expensively have answered by interviewing his own client. Third, in his email exchange with Reynolds, Chen wrote: "As to your comment that a client should give up if he/she cannot afford attorney's fees, such proposition is outrageous. If money is the only determining factor, I would not hesitate to suggest you to prepare for guillotine, if you have read the history concerning French revolution. The legislature clearly intends to ask your client to

pay for attorney's fees for filing a frivolous lawsuit advocating Mafia's position." (Hilton Response, 22.)

Taken as a whole, and considering the spirit of the Federal and Local discovery rules, the foregoing leads me to conclude that Chen fell short of reasonable compliance with discovery rules, which required him to attempt to confer with opposing counsel in good faith, and he was not substantially justified in filing his motion to compel. Rather, I conclude that Chen's motions, including his pseudo-stipulation, were an attempt to harass Hilton and Reynolds and to generate unnecessary pressure and expense for Hilton and Hilton's counsel.

For the foregoing reasons, I find that Chen has violated Federal Rule 37(a)(2)(A) and Local Rule 9013-1(c)(2). Further, I find that Chen is subject to sanctions under Federal Rule 37(a)(4)(B) and Local Rule 1002-2(a).

Therefore, Chen should be sanctioned by being ordered and directed to pay forthwith monetary sanctions, as follows:

**$7,623.50** ($395 X 19.3 hours) for time spent by Hilton's counsel in direct response to the June 21 Motion to Compel and Motion For Leave To Propound Interrogatories.

**$58.50** in travel and parking expenses.

**$7,682.50** total amount of sanctions.

Sanctions will not be awarded for time spent by Reynolds on discovery and the stipulation negotiations prior to Chen's filing of the June 21 motions, since Federal Rule 37(a)(4)(B) provides only for "reasonable expenses incurred in opposing the motion."

## CONCLUSION

Sanctions in the sum of $7,682.50 are awarded to Reynolds' firm, payable by Chen within 20 days of the entry of this order.

SO ORDERED.

Date: 10/30/07

*[signature]*
Thomas B. Donovan
United States Bankruptcy Judge

NOTICE OF ENTRY OF JUDGMENT OR ORDER
AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST LISTED BELOW:

1.    You are hereby notified that a judgment or order entitled:

MEMORANDUM OF DECISION RE ORDER TO SHOW CAUSE

was entered on 10/30/07.

2.    I hereby certify that I mailed a true copy of the order or judgment to the persons and entities listed below on 10/30/07.

<u>Attorney for Defendant</u>
Shun C. Chen
Law Offices of Shun C. Chen
4521 Campus Drive #324
Irvine, CA  926120-2621

<u>Debtor/Defendant</u>
Li Xia Sun
513 Golden Pardos Drive
Diamond Bar, CA  91765

<u>Attorney for Plaintiff</u>
Michael B. Reynolds
Snell & Wilmer LLP
600 Anton Blvd., Ste. 1400
Costa Mesa, CA  92626

<u>Chapter 7 Trustee</u>
Heide Kurtz
2515 S. Western Ave. #11
San Pedro, CA  90732

Office of the U. S. Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Dated: 10/30/07                    _____
                                              Clerk